UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,

vs.

Sixty-Five Thousand Nine Hundred Ten
Dollars ($65,910.00) in U.S. Currency,

                Defendant *in rem*.

Case No. 25-13916
Honorable:
Mag. Judge:

---

## Complaint for Forfeiture

---

Plaintiff, the United States of America, by and through Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, and Jasmine Moore, Assistant United States Attorney, state the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1.     This is an *in rem* civil forfeiture action under 31 U.S.C. § 5317(c)(2) and/or 31 U.S.C. § 5332(c), resulting from a violation of or violations of 31 U.S.C. § 5316(a)(1)(A) and/or. 31 U.S.C. § 5332(a)

2.     This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3.     This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4.     Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5.     Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## Defendant in rem

6.     The Defendant *in rem* consists of Sixty-Five Thousand Nine Hundred Ten Dollars ($65,910.00) in U.S. Currency.

7.     Members of the U.S. Customs and Border Protection ("CBP") and Homeland Security Investigations ("HSI") seized the Defendant *in rem* at the Detroit Metropolitan Airport in Romulus, Michigan on or around June 2, 2025.

8.     The Defendant *in rem* is currently in the custody of CBP.

## Underlying Criminal Statutes

9.     31 U.S.C. § 5316(a)(1)(A) prohibits failure to report on exporting and importing monetary instruments:

2

(a) Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—

(1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—

(A) from a place in the United States to or through a place outside the United States. . .

10.    31 U.S.C. § 5332(a) prohibits bulk cash smuggling into or out of the

United States:

(a) Criminal Offense.—

(1) In general.—

Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment pursuant to subsection (b).

(2) Concealment on person.—

For purposes of this section, the concealment of currency on the person of any individual includes concealment in any article of clothing worn by the individual or in any luggage, backpack, or other container worn or carried by such individual.

## Statutory Basis for Civil Forfeiture

11.    31 U.S.C. § 5317(c)(2) governs the civil forfeiture of property which

is involved in a violation of 31 U.S.C. § 5316(a)(1)(A):

(2)Civil forfeiture.—

(A)In general.—

Any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and

3

forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.

12.    31 U.S.C. § 5332(c) provides for the civil forfeiture of property

involved in and/or or facilitating bulk cash smuggling:

> (c)Civil Forfeiture.—
> (1)In general.—
> Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.
> (2)Procedure.—
> The seizure and forfeiture shall be governed by the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.
> (3)Treatment of certain property as involved in the offense.—
> For purposes of this subsection and subsection (b), any currency or other monetary instrument that is concealed or intended to be concealed in violation of subsection (a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense, shall be considered property involved in the offense.

**Factual Basis in Support of Forfeiture**

13.    The Defendant *in rem* was involved in a knowing violation or

violations of 31 U.S.C. § 5316(a)(1)(A) and/or 31 U.S.C. § 5332(a) and is

therefore subject to federal civil forfeiture under 31 U.S.C. § 5317(c)(2) and/or 31

U.S.C. § 5332(c). Evidence supporting forfeiture includes, but is not limited to, the

following:

a.      On June 2, 2025, a CBP officer stopped Jian Yu Lin, a citizen of the United States, at Detroit Metro Airport as she was boarding Delta 389 to Pudong, Shanghai, China with her 16-year-old daughter, S.C., a citizen of the United States.

b.      The CBP officer explained the currency reporting requirements to Lin and her daughter, emphasizing that if they were carrying money for another person, the money must be declared.

c.      Lin stated that she had $6,000 and that her daughter had about $2,000, so $8,000 all together.

d.      Lin's daughter stated that she had no money.

e.      Lin was presented with a CBP Form 207.

f.      Lin declared $5,000 U.S. Currency on the form and signed it.

g.      Lin and her daughter were asked to present all their currency.

h.      Lin removed one bundle of currency that was wrapped in black plastic from her handbag.

i.      Lin was asked if there was any more money, and she removed a similarly wrapped bundle of currency from a backpack that her daughter was carrying.

j.      The CBP officer asked Lin if that was it, and she stated yes.

5

k.      The CBP officer searched Lin's purse and discovered another bundle of currency.

l.      During a subsequent baggage examination, a CBPO discovered additional bundles of currency concealed in the lining of Lin's carry-on bag.

m.      Lin advised the CBP officer that she was not traveling with any additional money, but an additional $10,000 was discovered in her checked luggage.

n.      In total, Lin possessed $65,910.00 U.S. Currency.

o.      Lin told the CBP officer that she owns a restaurant in Florida called Tokyo Peking.

p.      Lin stated that the phone number for the restaurant was XXX-XXX-3041, but on the website, it appears to be XXX-XXX-8288.

q.      HSI Agent declined to interview Lin at that time.

r.      After explaining to Lin and her daughter how to petition Fine Penalties, and Forfeitures Detroit office (FP&F Detroit) for the money, they were escorted out of the Federal Inspection Area.

## **Claim for Relief**

14.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 13.

6

15.   The Defendant *in rem* is forfeitable to the United States of America under 31 U.S.C. § 5332(c) and/or 31 U.S.C. § 5317(c)(2) because it was involved in a knowing violation or violations of 31 U.S.C. § 5332(a) and/or 31 U.S.C. § 5316(a)(1)(A).

### Conclusion and Relief

Plaintiff requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,
Jerome F. Gorgon, Jr.
United States Attorney

S/Jasmine Moore
Jasmine Moore (P82181)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226- 9759
Jasmine.Moore@usdoj.gov

Dated: December 5, 2025

## VERIFICATION

I, Clarence Ewell Jr, state that I am an Officer with U.S. Customs and
Border Protection ("CBP"). I have read the foregoing Complaint for Forfeiture and
declare under penalty of perjury that the facts contained therein are true and correct
based upon knowledge possessed by me and/or upon information received from
other law enforcement agents.

Clarence Ewell Jr, Chief CBPO

Dated:  December 5, 2025

8